COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| PETER I. SHAH, | § | No. 08-22-00133-CV |
| Appellant, | § | Appeal from the |
| v. | § | 143rd Judicial District Court |
| MAPLE ENERGY HOLDINGS, LLC, | § | of Reeves County, Texas |
| Appellee. | § | (TC# 22-03-24342-CVR) |

## MEMORANDUM OPINION

Appellee Maple Energy Holdings, LLC requests the Court dismiss this appeal for lack of jurisdiction because there is not an appealable final judgment from the trial court. Finding the Court does not have jurisdiction, we dismiss this appeal.

## BACKGROUND

Appellant Peter I. Shah filed a motion to dismiss a lawsuit brought against him by Appellee Maple Energy Holdings, LLC (Maple Energy) on several bases, including that the controversy is being litigated in another venue. The trial court denied his motion to dismiss on July 5, 2022. And it subsequently issued an order under Texas Rule of Civil Procedure 91a awarding Maple Energy $9,738 in attorneys fees for "having to respond to the Motion."

Shah filed a notice of appeal challenging the trial court's order awarding Maple Energy attorneys fees. Maple Energy filed a motion to dismiss the appeal for lack of jurisdiction.

## DISCUSSION

Maple Energy argues in its motion to dismiss that the Court lacks jurisdiction because none of the trial court's orders are final appealable orders. We agree.

Unless otherwise permitted by statute, appeals may only be had from final orders or judgments. *Jack B. Anglin Co., Inc v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). The Texas Supreme Court defines a judgment as final and appealable "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 192-93 (Tex. 2001), *overruled on other grounds by Industrial Specialists, LLC v. Blanchard Refining Company, LLC*, No. 20-0174, 2022 WL 2082236, at *2 (Tex. June 10, 2022). Here, the trial court's order denying Shah's motion to dismiss allows the lawsuit to proceed, so it is not a final order. And the trial court's order awarding Maple Energy attorney fees neither disposes of all claims and parties before the court or states it is a final judgment. Because the trial court's order was not a final order, and because no statute permits an interlocutory appeal of orders denying a motion to dismiss or awarding attorney fees under Rule 91a, we lack jurisdiction over this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. We grant Appellee Maple Energy's motion to dismiss.

## CONCLUSION

For the foregoing reasons, we hold the order being appealed is interlocutory and no statute allows for an interlocutory appeal in this instance. Accordingly, we lack jurisdiction over this appeal, and it is dismissed.

August 16, 2022

GINA M. PALAFOX, Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.